

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NR  *271 Cadman Plaza East*
F. # 2018R0509  *Brooklyn, New York 11201*

November 15, 2018

<u>By Overnight Delivery and ECF</u>

Dawn M. Cardi, Esq.
Cardi & Edgar LLP
99 Madison Avenue, 8th Fl.
New York, New York 10016

Alan Gerson
Bruce Montague & Partners
212-45 26th Avenue
Suite #7
Bayside, NY 11360
(718) 279-7555

      Re:   United States v. Andrew Tepfer and Igal Haimoff
           <u>Criminal Docket No. 18-524 (DLI)</u>

Dear Ms. Cardi and Mr. Gerson:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.     <u>The Government's Discovery</u>

    A.    <u>Documents and Tangible Objects</u>

      Please find included the following materials on a USB drive. The materials identified below are Protected Materials as that term is defined the Protective Orders entered by the Court with respect to your respective clients:

- Consensual video recordings (and associated audio recordings) of meetings including Igal Haimoff on May 11, May 24 and June 5, 2018. These folders are marked electronically as 00001 through 00003;

- Consensual telephone recordings of calls involving Igal Haimoff on May 25 and 31 and June 4, 6 and 7, 2018.  (Bates numbered electronically as 00004 through 00008);
- Images of text messages obtained from Igal Haimoff's telephone incident to his arrest on June 18, 2018. (Bates numbered 00009 through 00014);
- Consensual video recordings (and associated audio recordings) of meetings including Mark Weisman on March 2, 2017, March 20, 2018, April 19, 2018 and May 11, 2018. (Bates numbered electronically as 00015 through 00018);
- Consensual telephone recordings of calls involving Mark Weissman on April 24, 25, May 8, 10 and 23, 2018.  (Bates numbered electronically as 00019 through 00022);
- Text messages from the telephone of a confidential source from 2017 and 2018 in communication with, among others, Mark Weissman.  (Bates numbered 00023-00102);
- Text messages between Andrew Tepfer and his United States probation officer. (Bates numbered 00103);
- Text messages recovered from Mark Weissman's phone on the date of his arrest. (Bates numbered 00104-00116);
- Emails with Igal Haimoff. (Bates numbered 00117-00119);
- Text messages obtained from Igal Haimoff's telephone.  (Bates numbered 00120-00135);
- Text messages obtained from Andrew Tepfer's telephone. (Bates numbered 00136-00238); and
- Text messages obtained from Mark Weissman's telephone. (Bates numbered 00239-00291).

The government also produced herein a copy of a search warrant relating to the telephones of Igal Haimoff and Andrew Tepfer with docket number 18-M-616.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

B. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

C. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

2

      D.      <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

      E.      <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. <u>Future Discussions</u>

  If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

  Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

      Very truly yours,

      RICHARD P. DONOGHUE
      United States Attorney

   By: /s/ Nathan Reilly
      Nathan Reilly
      Assistant U.S. Attorney
      (718) 254-6196

Enclosures

cc: Clerk of the Court (DLI) (by ECF) (without enclosures)