

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NR
F.#2018R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 13, 2020

By ECF

The Honorable Dora L. Irizarry
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Andrew Tepfer
Criminal Docket No. 18-524 (DLI)

Dear Chief Judge Irizarry:

The government respectfully submits this letter to address the questions raised by the Court at the parties' December 4, 2019 appearance in this matter. Specifically, the government herein seeks to address the statutory penalties advisory United States Sentencing Guidelines ("U.S.S.G." or the "Sentencing Guidelines") and United States Sentencing Commission policy statements that would be applicable should the defendant plead guilty as contemplated by the proposed plea agreement between the parties.

Background

On March 7, 2012, the defendant pleaded guilty, pursuant to an agreement with the government, to three counts contained in the superseding indictment filed in United States v. Metter, et al., 10-CR-600 (DLI) (the "2010 Indictment"). Tepfer pleaded guilty to: (i) conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (Count One); (ii) securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff (Count Three); and (iii) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Five).

On December 12, 2014, the Court imposed a sentence of five years' probation on all three counts, to run concurrently.

On June 19, 2018, the defendant was arrested in connection with the instant case (18-CR-524). He was ultimately charged in a three count indictment with: (1) money

laundering conspiracy, in violation of 18 U.S.C. § 1956(h); (2) use of facility of interstate commerce in aid of extortion, in violation of 18 U.S.C. § 1952; and (3) conspiracy to obstruct an official proceeding, in violation 18 U.S.C. § 1512 (the "2018 Indictment"). As a result of his arrest, the United States Probation Department issued a Violation of Probation Report on July 5, 2018 and subsequently issued an amended report on August 13, 2018 (the "VOP Report").

In advance of their appearance on December 4, 2019, the parties submitted a plea agreement pursuant to which the defendant was prepared to plead guilty (the "Plea Agreement") for the Court's consideration. In the Plea Agreement, the government advised the defendant of the statutory penalties associated with his anticipated plea to the charge of money laundering conspiracy contained in Count One of the 2018 Indictment. As set forth on page 9 of the VOP Report, and consistent with 18 U.S.C. § 3565(a)(2), the Plea Agreement further advised the defendant that should the Court revoke his probation, the Court could then re-sentence the defendant on the 2010 Indictment. At any such re-sentencing, the Court would have available to it all of the statutory penalties applicable to the three counts to which the defendant previously pleaded guilty.

The Plea Agreement set forth the advisory Sentencing Guidelines range of incarceration associated with the defendant's anticipated plea of guilty to Count One of the 2018 Indictment as 97-121 months (Plea Agreement at¶ 4). The Plea Agreement further informed the defendant of the government's estimate that the Sentencing Commission's advisory policy statements associated with his violation of probation recommended a term of incarceration 4-10 months. (Id.). The Plea Agreement further noted that Tepfer's sentence on the 2018 Indictment and the sentence imposed on any re-sentencing relating to the 2010 Indictment (as a result of his violation of probation) may run consecutively.

At the December 4, 2019 appearance, the Court inquired as to whether the Plea Agreement properly advised the defendant of the potential consequences of his guilty plea and, for instance, whether the Sentencing Guidelines that applied to his original sentence on the 2010 Indictment (which, as noted below, were considerably higher than 4-10 months) would apply in the instant case.

Applicable Law

In United States v. Vehrkhoglyad, 516 F.3d 122 (2d Cir. 2008), the Honorable Reena Raggi outlined the applicable law governing sentencing in the context of a violation of probation. In that matter, the defendant received a probationary sentence for a 2001 conviction. Shortly after his sentencing in 2005, he violated the terms of his probation. The Probation Department advised the district court that per applicable Sentencing Commission

policy statements, the range of incarceration for the violation was 5 to 11 months. The Probation Department also noted the district court's statutory authority to impose penalties applicable to the crimes for which Vehrkhoglyad was originally convicted. 516 F.3d. at 126. The Honorable Nina Gershon, noting the previously lenient sentence that the defendant had received, imposed a sentence of 57 months' incarceration, a term that was within the Sentencing Guidelines range applicable to his 2001 original conviction. Id. at 127. The defendant challenged Judge Gershon's sentence, claiming that she had failed to consider the advisory Sentencing Guidelines range applicable to his probation revocation. Id at 127.

In affirming Judge Gershon's sentence, the Court of Appeals noted that "[b]y statute, every probationary sentence is 'conditional and subject to revocation until its expiration or termination.'" Id. at 128 (citing 18 U.S.C.§ 3564(e)). Where a court elects to revoke probation, it may impose "any term that could have been imposed on the underlying crime of conviction in accordance with §§ 3551–3559, the statutory provisions generally applicable to criminal sentencing." Id.; 18 U.S.C.§ 3565(a). The Verkhoglyad court further noted that the Sentencing Commission has formulated policy statements rather than "formal guidelines" for violations of probation and supervised release, due in part to a lack of empirical data and national experience. Id. Because the district court had made a thorough record justifying its departure from the applicable Sentencing Commission policy statement, and recognizing the district court's authority to resentence the defendant to any of the statutory penalties that could have been imposed at the original sentencing, the Court of Appeals affirmed the district court. See also, United States v. Kestenbaum, 552 Fed. Appx. 74 (2d Cir. 2014)(affirming a 36 month sentence for a probation violation even though policy guidelines recommended 4 to 10 months where district court showed that it had considered the applicable policy statement and also recognized it could consider the Sentencing Guidelines range for his original offense).

Applicability of the Law

Here, the government believes that the Plea Agreement appropriately advised the defendant of both his statutory sentencing exposure and the function of the advisory Sentencing Guidelines and policy statements from the Sentencing Commission. Consistent with Verkhoglyad, the government's Plea Agreement informs the defendant of: (1) the statutory penalties and advisory Sentencing Guidelines range associated with his anticipated guilty plea to Count One of the 2018 Indictment; (2) the statutory penalties associated with his prior counts of conviction in the 2010 Indictment should the Court revoke his probationary sentence and (3) the Sentencing Commission's policy statements with respect to the probation violation. The government believes that the Plea Agreement, as presented to the defendant and to the Court, correctly advised the defendant both as to the Sentencing

Guidelines and Sentencing Commission policy statements that are applicable to him and to the applicable statutory penalties he faces. In an abundance of caution, the government is prepared to amend the Plea Agreement to note that while the advisory Sentencing Guidelines applicable to the defendant's three counts of conviction on the 2010 Indictment do not apply here, the Court may nonetheless consider them in fashioning an appropriate sentence.[1]

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Nathan Reilly
Assistant U.S. Attorney
(718) 254-6196

cc: Counsel of Record (by email and ECF)
Probation Officer Allison Aucoin
Pretrial Services Officer Shavoy Atkinson (by email)

[1] In its June 6, 2013 Presentence Investigation Report and the related July 23, 2014 addendum (the "2010 Indictment PSR"), the Probation Department calculated that the defendant's total offense level was 30, his Criminal History Category was I and that the corresponding advisory range of incarceration was 97 to 121 months.